IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEBRA BENTLEY,

    Plaintiff,

vs.                                                        CASE NO. 5:11-cv-221-RJ-CJK

DOLLAR TREE STORES, INC.,

    Defendant.
_____/

**ORDER**

Before me is Defendant's motion to dismiss (Doc. 8).

## I. Standard of Review

In order to overcome a motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000)(citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

## II. Background

Plaintiff, Debra Bentley, a white female, was employed by Defendant, Dollar Tree Stores, Inc., from March 2009 until May 2010. During her employment, Plaintiff claims that she was treated differently than similarly situated non-white employees of Defendant and that a position, which was promised to her, was given to a younger, black employee. In addition, Plaintiff claims she was treated differently than similarly situated younger employees of Defendant and "has been subject to poor treatment on the basis, at least in part, of Plaintiff's age." (Doc. 1).

On May 16, 2010, Plaintiff learned that her daughter was seriously ill and requested time off to care for the child. Plaintiff claims that she was eligible for time off under FMLA, that Defendant knew Plaintiff was eligible for leave under FMLA, but that she was not given this leave. Plaintiff was terminated on or around June 9, 2010, after she returned to work. (Doc. 1).

Plaintiff has brought this suit alleging race and age discrimination under 42 U.S.C. § 2000e, 29 U.S.C. § 629, and Chapter 760, Florida Statutes. In addition, Plaintiff filed interference and retaliation claims under the Family and Medical Leave Act ("FMLA").

## III. Analysis

*Race and Age Discrimination*

Defendant argues that Counts I (race discrimination) and II (age discrimination) should be dismissed for failing to establish that Plaintiff properly exhausted her administrative remedies before filing the suit in federal court. (Doc. 8). It is well-settled law that prior to filing race and age discrimination suits in federal court, a plaintiff must exhaust all administrative remedies by timely filing charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). However, it is also well-settled law that a "general averment stating that 'all conditions precedent to the institution of this lawsuit have been fulfilled' is quite adequate for pleading purposes." *EEOC v. Klingler Elec. Corp.*, 636 F.2d 104, 106 (5th Cir. 1981)(citing Fed. R. Civ. P. 9(c); *EEOC v. Standard Forge and Axle Co.*, 496 F.2d 1392 (5th Cir. 1974)). In her Complaint, Plaintiff stated that "Plaintiff has satisfied all conditions precedent to bringing this action." (Doc. 1, p. 2). This adequately satisfies Plaintiff's pleading requirement regarding exhausting administrative remedies.

Additionally, Defendant argues that Plaintiff failed to provide a sufficient factual basis regarding applying for and being denied the promotion that she was allegedly promised. When considering a motion to dismiss, this Court must "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." *Randall v. Scott,* 610 F.3d 701, 705 (11th Cir.

2010).  In Plaintiff's Complaint, she asserts that "she was passed over for the position of store manager in Chipley in favor of a black female who is believed to be considerably younger than Plaintiff, even though Plaintiff had already been promised the position." (Doc. 1, p. 2).  A reasonable inference that Plaintiff in fact applied for the position can be drawn from the Complaint, and Plaintiff sufficiently alleges that she was denied the promotion.  Therefore, Defendant's argument fails.

### *Violation of the FMLA*

Defendant also argues that Count 3 (violation of the FMLA) should be dismissed because Plaintiff failed to state whether her seriously ill daughter was under the age of 18 or over 18 but incapable of self-care as required to be eligible for leave under the FMLA.  *See* 29 U.S.C. § 2611(12).  As stated above, this Court must "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor."  *Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010).  In the Complaint, Plaintiff specifically refers to her daughter as a "child." (Doc. 1, p. 2).  Because of Plaintiff's reference to her daughter as a "child," a reasonable inference can be drawn from the Complaint that Plaintiff's daughter is under the age of 18.

Defendant also argues that Plaintiff did not allege that she requested the leave and, at the time, did not provide sufficient evidence to Defendant to determine if she qualified under the FMLA.  However, Plaintiff's Complaint

clearly states, "Plaintiff needed FMLA leave and requested time off to care for this child. Defendant *knew* that Plaintiff was in need of time off and that she was eligible for the time off under the FMLA." (Doc. 1, p. 2)(emphasis added). Accepting Plaintiff's alleged facts as true, Plaintiff plead sufficient facts as to Count III.

Defendant's motion is **DENIED.**

**ORDERED** on August 22, 2011.

> **/s/ Richard Smoak**
> **RICHARD SMOAK**
> **UNITED STATES DISTRICT JUDGE**